**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WAYNE MURDOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-0391-CVE-PJC** |
| | ) | |
| **DENISE WALKER-SHEDD,** | ) | |
| **Parole Investigator;** | ) | |
| **TERRY JENKS, Parole Board Director,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>OPINION AND ORDER</u>**

On June 21, 2011, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983

complaint (Dkt. # 1). By Order filed June 22, 2011 (Dkt. # 2), the Court directed Plaintiff to either

pay the $350 filing fee required to commence a civil action or file a properly supported motion to

proceed *in forma pauperis*. The Court further directed Plaintiff to file an amended complaint to cure

deficiencies. On July 15, 2011, Plaintiff filed an amended complaint (Dkt. # 3), and a motion to

proceed *in forma pauperis* (Dkt. # 4). Plaintiff also sent a letter to the Clerk of Court advising that

"if the trust fund officer don't send the $350.00; there is a trust fund ledger in my transcript of

exhibits, exhibit # four. So she can order the money too." <u>See</u> Dkt. # 5. For the reasons discussed

below, the Court finds Plaintiff's motion to proceed *in forma pauperis* should be denied. The

complaint, as amended, shall be dismissed without prejudice for failure to state a claim upon which

relief may be granted.

**A. Filing fee**

In support of his motion to proceed *in forma pauperis*, Plaintiff directs the Court to the

"Offender Statement Report" provided by Plaintiff as part of his initial filing. <u>See</u> Dkt. # 1 at 11.

The Court notes that the "Offender Statement Report" is dated October 27, 2010, or almost eight (8)

months before Plaintiff commenced this action. Nonetheless, the "Offender Statement Report" reflects that, at that time, Plaintiff's savings account balance was $791.98. Pursuant to Okla. Stat. tit. 57, § 549(A)(5), funds from an inmate's savings account may be used for fees or costs in filing a federal action. Accordingly, because Plaintiff had cash and securities in his inmate accounts exceeding $750.00 at the time he executed the affidavit in support of his motion to proceed *in forma pauperis* and the filing fee for this action is $350.00, Plaintiff's motion shall be denied and Plaintiff shall be required to pay the full $350.00 filing fee.

## B. Amended complaint shall be dismissed

Plaintiff has been previously advised, see Dkt. # 2, that federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

The amended complaint filed by Plaintiff shall be dismissed for failure to state a claim upon which relief may be granted. In his amended complaint, Plaintiff describes the nature of case as follows: "I am being denied a pardon, parole, medicinal parole, or commutation on the soul [sic] basis that I am white." See Dkt. # 3. He identifies one claim: "this altered tainted deficiency is being concealed and withheld from me by Denise Walker-Shedd and Terry Jenks." Id. In his request for relief, Plaintiff asks for "pardon, medicinal parole, or commutation to the streets." Id.

The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 482, 489 (1973)) (internal citations and punctuation omitted). Instead, prisoners must seek either federal habeas corpus relief or relief under state law. <u>Id.</u> at 78. The only relief sought by Plaintiff in this case is release from confinement. That relief is available only via habeas corpus. Should Plaintiff seek federal habeas corpus relief, he must first exhaust state remedies through fair presentation of his constitutional claim(s) to the state's highest court for criminal matters, the Oklahoma Court of Criminal Appeals.

The Court further finds that the claim asserted in the amended complaint fails because Plaintiff has failed to allege facts with sufficient specificity to support his assertion of a constitutional violation. <u>See</u> <u>Hall</u>, 935 F.2d at 1110 (vague and conclusory allegations need not be accepted by the court). Plaintiff's allegation that he has been denied parole because he is white could be liberally construed as an equal protection claim. To state an equal protection claim, a plaintiff must allege that the government treated him differently than others who were similarly situated. <u>See</u> <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432 (1985). Plaintiff claims to have been denied parole because he is white. However, Plaintiff has failed to point to any similarly situated non-white inmates who were given preferential treatment. To the extent Plaintiff alleges an equal protection violation, his amended complaint fails to state a claim upon which relief may be granted and shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 4) is **denied**. Plaintiff shall pay in

      full the $350.00 filing fee.

2.    The complaint (Dkt. # 1), as amended (Dkt. # 3), is **dismissed without prejudice** for failure

      to state a claim upon which relief may be granted.

3.    This is a final order terminating this action.

4.    A separate judgment shall be entered in this matter.


      **DATED** this 19th day of July, 2011.


      CLAIRE V. EAGAN, CHIEF JUDGE
      UNITED STATES DISTRICT COURT